NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

AUG 31 2023

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 22-30083 |
| Plaintiff-Appellee, | D.C. No. 3:18-cr-00131-TMB-MMS-1 |
| ANTOINE DAVIS, AKA Shorty, AKA Tone, | |
| Defendant-Appellant. | MEMORANDUM[*] |

Appeal from the United States District Court
for the District of Alaska
Timothy M. Burgess, District Judge, Presiding

Submitted August 16, 2023[**]
Anchorage, Alaska

Before: MURGUIA, Chief Judge, and PAEZ and NGUYEN, Circuit Judges.

Following a jury trial, Defendant Antoine Davis was convicted of multiple controlled substance and firearm offenses. Davis appeals the district court's denial of his pre-trial motion to suppress evidence seized during the execution of a search warrant at his residence. He argues that the district court erred in finding that the

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

search warrant affidavit established probable cause because the affidavit improperly relied on (1) a confidential informant ("the CHS") who was not credible and (2) a controlled buy that was not sufficiently monitored. We review de novo the denial of a motion to suppress but review the district court's factual findings for clear error. *United States v. Moore*, 770 F.3d 809, 812 (9th Cir. 2014). We have jurisdiction under 28 U.S.C. § 1291 and affirm.

Probable cause exists for a search warrant when there is a "fair probability that contraband or evidence of a crime will be found in a particular place." *Illinois v. Gates*, 462 U.S. 213, 238 (1983). Whether a fair probability exists "depends upon the totality of the circumstances." *United States v. Kelley*, 482 F.3d 1047, 1050 (9th Cir. 2007).

1. The district court did not err in finding that the CHS was a reliable source that supported a finding of probable cause. First, the CHS was known to the police, *see United States v. Rowland*, 464 F.3d 899, 907–08 (9th Cir. 2006), and her knowledge came "first-hand" from interacting with Davis and witnessing firearms, drugs, and the sale of drugs in his apartment, *United States v. Bishop*, 264 F.3d 919, 925 (9th Cir. 2001). Second, she was frank with the officers about how she learned this information and even admitted her continued drug use and involvement in sex work. *See United States v. Nielsen*, 371 F.3d 574, 580 (9th Cir. 2004) (concluding that the informant's disclosure of drug use was "an additional

2

indicator of truthfulness"). Third, most of her tips were corroborated, including Davis's nickname, drug trafficking, travel habits, and criminal history. *See Gates*, 462 U.S. at 244–46. Critically, Davis's own statements during the recording of the controlled buy and the results of the controlled buy confirmed the CHS's reports that Davis was involved in drug trafficking. *See United States v. Reeves*, 210 F.3d 1041, 1046 (9th Cir. 2000) (determining that a witness's recent observation of drugs in the defendant's residence supported a finding of probable cause). While the CHS did not have a history of reporting to law enforcement, was involved in criminal activity and paid for her cooperation, and may have been convicted of crimes involving dishonesty,[1] there was sufficient additional evidence that "bolster[ed] [her] credibility." *Id*. at 1045. Therefore, under the totality of the circumstances, the district court did not err in finding that the magistrate judge made a "balanced assessment of the relative weights of all the various indicia of reliability (and unreliability)" in concluding that the CHS was a credible source that supported a finding of probable cause. *Gates*, 462 U.S. at 234.

2.      The district court did not err in finding that the controlled buy was sufficiently reliable and supported a finding of probable cause. Although the CHS

---

[1] We need not determine whether theft is a crime of dishonesty for purposes of assessing an informant's reliability because even assuming that the CHS's theft-related convictions amounted to crimes of dishonesty, the magistrate judge had a "substantial basis" to find her reliable. *Reeves*, 210 F.3d at 1046.

was out of sight, the agents watched her enter and exit the building while recording her the entire time. The audio transcript clearly captured that the CHS requested drugs from Davis, which he then confirmed, and ultimately provided her, and that during this encounter, another individual came to Davis's apartment to purchase drugs and left with those drugs. Moreover, the CHS then returned with the drugs she requested from Davis. This evidence provides a "substantial basis" to believe that there is a "fair probability" that drugs and other contraband would be found at Davis's apartment. *Reeves*, 210 F.3d at 1046. Any flaws in the buy identified by Davis were not fatal to the operation in light of the recorded conversations, observed location, and resulting drugs, which established a "reasonable nexus" between the contraband sought and the residence. *United States v. Rodriguez*, 869 F.2d 479, 484 (9th Cir. 1989).

Therefore, because the district court correctly found that the magistrate judge had a "substantial basis" to find probable cause on account of the search warrant's affidavit detailing information from the CHS and the controlled buy, the district court did not err in denying Davis's motion to suppress evidence. *Reeves*, 210 F.3d at 1046.

**AFFIRMED.**

4